**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

_____

**CLARENCE R. WYMAN,**

                    **Plaintiff,**

                    v.

**NANCY BERRYHILL,**[1]
Acting Commissioner of
Social Security,

                  **Defendant.**

**5:16-cv-25
(GLS)**

_____

**APPEARANCES:**

**FOR THE PLAINTIFF:**
Olinsky Law Group
300 S. State Street
Suite 420
Syracuse, NY 13202

**FOR THE DEFENDANTS:**
HON. RICHARD S. HARTUNIAN
United States Attorney
100 South Clinton Street
Syracuse, NY 13261

Steven P. Conte
Regional Chief Counsel
Office of General Counsel, Region II
26 Federal Plaza, Room 3904
New York, NY 10278

**OF COUNSEL:**

HOWARD D. OLINSKY, ESQ.

SERGEI ADEN
Special Assistant U.S. Attorney

---

[1] The Clerk is directed to amend the caption and substitute Nancy Berryhill as the Acting Commissioner of Social Security. *See* Fed. R. Civ. P. 25(d).

**Gary L. Sharpe**
**Senior District Judge**

# MEMORANDUM-DECISION AND ORDER

## I. Introduction

Plaintiff Clarence R. Wyman challenges the Commissioner of Social Security's denial of supplemental security income (SSI), seeking judicial review under 42 U.S.C. § 405(g). (Compl., Dkt. No. 1.) After reviewing the administrative record and carefully considering Wyman's arguments, the Commissioner's decision is reversed and remanded for further proceedings.

## II. Background

On October 15, 2013, Wyman filed an application for SSI under the Social Security Act ("the Act"). (Tr.[2] at 96, 178-83.) After his application was denied, (*id.* at 114-21), Wyman requested a hearing before an Administrative Law Judge (ALJ), (*id.* at 122-24), which was held on March 31, 2015, (*id.* at 26-55). On July 8, 2015, the ALJ issued an unfavorable decision finding Wyman ineligible for SSI and denying the requested benefits, (*id.* at 10-25), which became the Commissioner's final determination upon the Appeals Council's denial of review, (*id.* at 1-5).

---

[2] Page references preceded by "Tr." are to the Administrative Transcript. (Dkt. No. 8.)

Wyman commenced this action by filing his complaint on January 6, 2016 wherein he sought review of the Commissioner's determination. (*See generally* Compl.) The Commissioner filed an answer and a certified copy of the administrative transcript. (Dkt. Nos. 7, 8.) Each party, seeking judgment on the pleadings, filed a brief. (Dkt. Nos. 9, 10.)

### III. Contentions

Wyman contends the ALJ erred because he did not find that his hypertension was a severe impairment and substantial evidence did not support either his evaluation of the medical opinion evidence or the residual functional capacity (RFC) assessment. (Dkt. No. 9 at 6-12.) Additionally, Wyman argues the Commissioner did not meet her burden at step five to prove that there is work in the national economy that Wyman could perform. (*Id.* at 13-14.) In response, the Commissioner asserts that the ALJ's decision is legally sound and supported by substantial evidence. (Dkt. No. 10 at 10-21.)

### IV. Facts

The court adopts the undisputed factual recitations of the parties and the ALJ. (Dkt. No. 9 at 2; Dkt. No. 10 at 1-3; Tr. at 15-20.)

### V. Standard of Review

The standard for reviewing the Commissioner's final decision under 42 U.S.C. § 405(g)[3] is well established and will not be repeated here. For a full discussion of the standard, the court refers the parties to its previous decision in *Christiana v. Comm'r of Soc. Sec. Admin.*, No. 1:05-CV-932, 2008 WL 759076, at *1-2 (N.D.N.Y. Mar. 19, 2008).

## VI. Discussion

### A. Step Five Determination

Wyman contends that the ALJ erred by failing to consult a vocational expert despite evidence of significant nonexertional limitations.[4] (Dkt. No. 9 at 13-14.) The Commissioner argues that the ALJ properly relied on the Medical-Vocational Guidelines to determined that there were a significant number of unskilled jobs that Wyman could perform. (Dkt. No. 10 at 20-21.)

At step five, the burden shifts to the Commissioner to "show that there is work in the national economy that the claimant can do." *Poupore v. Astrue*, 566 F.3d 303, 306 (2d Cir. 2009). To that end, the

---

[3] 42 U.S.C. § 1383(c)(3) renders section 405(g) applicable to judicial review of SSI claims.

[4] Exertional limitations "affect[] [the] ability to meet the strength demands of jobs," whereas nonexertional limitations "affect [the] ability to meet the demands of jobs other than the strength demands." 20 C.F.R. § 416.969a(a).

Commissioner must show a job existing in significant numbers in the national economy that Wyman could perform based on his RFC, age, education, and prior vocational experience. *See* 42 U.S.C. § 423(d)(2)(A); 20 C.F.R. § 416.960(c).

In making a step five ruling, an ALJ may rely on the Medical–Vocational Guidelines found in 20 C.F.R. pt. 404, subpt. P, app. 2, as long as the claimant's age, education, work experience, and RFC coincide with the criteria of a rule contained in those Guidelines. *See* 20 C.F.R. § 416.969; *see also Calabrese v. Astrue*, 358 F. App'x 274, 275 n.1 (2d Cir. 2009). However, when a claimant's nonexertional impairments "significantly limit the range of work permitted by his exertional limitations," the Commissioner "must introduce the testimony of a [VE] (or other similar evidence) that jobs exist in the economy which [the] claimant can obtain and perform." *Bapp v. Bowen*, 802 F.2d 601, 603, 605 (2d Cir. 1986) (internal quotation marks and citation omitted).

In the RFC assessment, the ALJ found that Wyman could perform light work. (Tr. at 16.) The ALJ also determined that Wyman had additional nonexertional impairments which restricted him from climbing ladders or scaffolding as well as crawling and that he could only occasionally kneel, crouch, climb stairs, work at unprotected heights, and

be exposed to dust, odors, fumes, and pulmonary irritants. (*Id.*) At step five, the ALJ relied on guidance from SSR 85-15 to determine that Wyman's nonexertional impairments would not significantly limit his ability to perform light work. (*Id.* at 19-20.) Thus, the ALJ used the Guidelines to find that jobs exist in significant numbers in the national economy that Wyman could perform. (*Id.*)

The ALJ's reliance on SSR 85-15, however, was misplaced. SSR 85-15 applies if a claimant *only* suffers from nonexertional limitations and not where a claimant suffers from a combination of exertional and nonexertional limitations. *See Prince v. Colvin*, No. 13 Civ. 7666, 2015 WL 1408411, at *21 (S.D.N.Y. Mar. 27, 2015); *see also Roma v. Astrue*, 468 F. App'x 16, 20 (2d Cir. 2012) ("SSR 85-15, descriptively titled 'The Medical-Vocational Rules as a Framework for Evaluating *Solely* Nonexertional Impairments,' does not apply to a case, such as this one, in which the claimant suffers from a combination of exertional and non-exertional impairments." (emphasis in the original)). Here, the ALJ found that Wyman had exertional limitations for light work as well as nonexertional limitations for postural-manipulative impairments and environmental conditions. (Tr. at 16.) Because Wyman had both exertional and nonexertional limitations, the ALJ's reliance on SSR 85-15 was legal error.

Furthermore, the ALJ did not explain his conclusion that "the additional limitations have little or no effect on the occupational base of unskilled light work." (*Id.* at 19.) By relying on the Guidelines, rather than the testimony of a vocational expert, the ALJ was required to explain his finding that Wyman's nonexertional limitations had only a negligible impact on the range of work permitted by his exertional limitations. *See Selian v. Astrue*, 708 F.3d 409, 421 (2d Cir. 2013) ("We have explained that the ALJ cannot rely on the [Guidelines] if a non-exertional impairment has any more than a 'negligible' impact on claimant's ability to perform the full range of work, and instead obtain the testimony of a vocational expert."). For this additional reason, the ALJ's failure to elaborate on or explain his conclusion that a vocational expert's testimony was not necessary in Wyman's case is legal error that warrants remand. *See, e.g.*, *Seals v. Colvin*, No. 15-CV-387, 2016 WL 3996718, at *4 (W.D.N.Y. July 25, 2016); *Prince*, 2015 WL 1408411, at *21-22.

On remand, the ALJ should provide a clear explanation regarding the extent to which Wyman's nonexertional limitations diminish his ability to

7

perform light, unskilled work.[5] If the ALJ concludes that Wyman's nonexertional limitations are more than negligible, then he should consider vocational expert testimony to determine the existence of jobs in the national economy that an individual with Wyman's limitations could perform. *See Selian*, 708 F.3d at 421. Although the court finds that the ALJ did not commit legal error and substantial evidence supports his conclusions on Wyman's remaining contentions, *see supra* note 5, the court does not intend to limit the scope of the ALJ's review on remand. *See Marvin v. Colvin*, No. 3:15-cv-74, 2016 WL 2968051, at *2-3 (N.D.N.Y. May 20, 2016) ("[I]f the court intends to so limit the Commissioner['s scope of review] it will do so expressly."). Wyman is free to introduce new evidence to support his disability claim, which the ALJ shall evaluate according to the sequential analysis. *See id.* at *3 (explaining that an ALJ is not bound by the law of the case when presented with compelling reasons such as new evidence); *Calderon v. Astrue*, 683 F. Supp. 2d 273,

---

[5] Wyman also argues that the ALJ failed to consider his hypertension to be a severe impairment, failed to properly weigh the medical opinion evidence, and failed to support the RFC assessment with substantial evidence. (Dkt. No. 9 at 6-13.) The court has reviewed these arguments against the ALJ's decision and underlying record and finds that the ALJ has not committed any legal error and substantial evidence supports his determination. *See* 20 C.F.R. §§ 416.921, 416.927(c), 416.945(a)(3); SSR 85-28, 1985 WL 56856, at *3 (1985); *Halloran v. Barnhart*, 362 F.3d 28, 32 (2d Cir. 2004); *Perez v. Chater*, 77 F.3d 41, 46 (2d Cir. 1996); *Farrell v. Comm'r*, No. 7:12-cv-418, 2-13 WL 4455697, at *2 (N.D.N.Y. Aug. 16, 2013).

8

276-77 (E.D.N.Y. 2010); *see also Ali v. Mukasey*, 529 F.3d 478, 490 (2d Cir. 2008) (noting that cogent and compelling reasons for rejecting the law of the case doctrine include "an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." (internal quotation marks and citation omitted)).

### VII. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that the decision of the Commissioner is **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) for proceedings consistent with this Order; and it is further

**ORDERED** that the Clerk close this case and provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

March 29, 2017
Albany, New York

Gary L. Sharpe
U.S. District Judge